IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ MARIA ACEVEDO VARGAS, on her
own behalf and as mother with patria potestas
and guardianship of her children, ANANDA
MELENDEZ, FRANCISCO IRAMAIN AND
JORGE IRAMAIN, MARIA VARGAS
MALDONADO, RAMON ACEVEDO
ACOSTA AND ADELA ACEVEDO
VARGAS,

Plaintiffs

v.                                                   CIVIL NO. 96-2102(JAG)

GUMERSINDO COLON, CESAR
RODRIGUEZ, JUNTA DEL CSC DR. JOSE
S. BELAVAL, INC., MUNICIPIO DE SAN
JUAN, JOHN DOE,  RICHARD ROE,
INSURANCE COMPANY A, INSURANCE
COMPANY B, INSURANCE COMPANY C,
INSURANCE COMPANY D,

Defendants

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### STATEMENT OF THE FACTS

In January of 1992, plaintiff Acevedo Vargas was hired by the Municipality of San Juan to serve

as a career employee. Ms. Acevedo Vargas was assigned to the position of medical director at the Dr. Jose

S. Belaval Health Center ( "Center") located in Barrio Obrero, Santurce. Plaintiff claims that she was

sexually harassed during her employment there by Gumersindo Colon ( "Colon") and Cesar Rodriguez.

("Rodriguez") Mr. Colon is the Vice-President of the Board for the Center and Mr. Rodriguez is the

Executive Director of the Center. Plaintiff alleges that she was frequently asked by Rodriguez to go out

with him for drinks and that he repeatedly made sexually offensive and demeaning comments to her.





1    CIVIL NO. 96-2102(JAG)                    2

2

3

4    Plaintiff further asserts that she was made to repeatedly redo tasks that were submitted in proper form,

5    as a result of her rejection of Rodriguez's advances. Against Mr. Colon, Ms. Vargas claims that he made

6    inappropriate comments towards her and sexually fondled her against her will on one occasion. At all

7    times, plaintiff asserts that it was made clear to the aforementioned defendants that such conduct was

8    unwelcome. Plaintiff was informed on February 13,1995, that she was being transferred to another

9    medical center by the Municipality of San Juan to serve as director there. Ms. Acevedo Vargas was

10   chosen to replace the medical director at the Dr. Gualberto Rabell Health Center. Plaintiff alleges that this

11   transfer was due to her refusal to submit to the sexual demands and harassment by Rodriguez and Colon.

12                              PROCEDURAL HISTORY

13       Plaintiff sued the Municipality of San Juan for the alleged sex discrimination that she was

14   subjected to by the Municipality's agents, Colon and Rodriguez. Ms. Acevedo Vargas argued that the

15   actions of her co-workers violated her rights under Title VII and Puerto Rico Law 100, 29 L.P.R.A. §146.

16   Plaintiff's 1983 cause of action against the Municipality was dismissed as time-barred. ( Docket No. 18).

17   Her Title VII claim against Rodriguez and Colon in their personal capacities was also dismissed. ( Docket

18   No. 19). Finally on September 7,1999, the Court entered judgment that resulted in the dismissal of

19   plaintiff's federal claims with prejudice and the dismissal of pending state law claims without prejudice.

20   ( Docket Nos. 55 and 56). This matter is before the court on motion to dismiss filed by Junta del CSC

21   Jose S. Belaval, "Board" on December 7, 1999 (Docket No. 58). Plaintiff filed its opposition to the

22   motion on December 16, 1999. (Docket No. 60).

23       Plaintiff brings sexual harassment charges against remaining defendant, Dr. Jose S. Belaval Health

24   Center Board.  Plaintiff sues defendant Board as the employer of Rodriguez and Colon. Ms. Acevedo

25   Vargas argues that the Board was informed of her allegations of sexual harassment at a meeting on April

26   20,1995, and that the Board made no efforts to take corrective action once they had actual knowledge of

27   said harassment. Plaintiff asserts that the harassment rose to a level that created a hostile work

28   environment.

CIVIL NO. 96-2102(JAG)                            3

## STANDARD OF REVIEW

The Board seeks to have all of plaintiff's claims dismissed against it pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The rule allows for dismissal of an opposing party's claims when the opposing party has failed to state a claim upon which relief can be granted. This standard provides that a Court must accept as true all well-pleaded allegations within the complaint and indulge all reasonable inferences in favor of a plaintiff. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514-515 (1st Cir. 1988) The Court should not dismiss under a 12(b)(6), unless it is clear that the plaintiff can not prove any set of facts that, included within the pleadings, would entitle him to recovery. Conley v. Gibson, 355 U.S. 41, 45-48 (1957).

## ANALYSIS

In order to create Title VII liability for the Board, plaintiff must be able to prove that the Board was her employer as defined in the statute. Ms. Acevedo Vargas must also show that this defendant exercised substantial control over significant aspects of the compensation, terms, conditions, or privileges of her employment. Rivera v. Telefonica de Puerto Rico, 913 F. Supp. 81, 86 (D.P.R. 1995); Magnuson v. Peak Technical Services, 808 F.Supp.500, 507 ( E.D.Va. 1992.) This definition can include any agent of the primary employer. An employer includes, " a person engaged in industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and any agent of such person." 42 U.S.C. sub-section 2000e(b); See Acevedo Vargas v. Colon, 2 F. Supp. 2d 203, 206 (D.P.R. 1998). Thus, under the statutory definition, it is possible for plaintiff to have more than one employer for compensation purposes. Yet, in the Opinion and Order of September 9, 1999, the court determined the Municipality of San Juan, and not the Board, to be the employer of plaintiff.

1  CIVIL NO. 96-2102(JAG)                    4

2

3

4      A hostile work environment sexual harassment claim necessitates that " plaintiff ... show that she
5  belongs to a protected class, conduct in question was unwelcome, harassment was based on sex,
6  harassment was sufficiently severe or pervasive to create an abusive working environment, and that there
7  is some basis for imputing liability to the employer." Magnuson, at 508.   Such an environment exists
8  when "conduct has the purpose or effect of unreasonably interfering with an individual's work
9  performance or creating an intimidating, hostile, or offensive, working environment." 29 C.F.R.
10  §1604.11(A)(3(2000);  Meritor Savings Bank v. Vinson, 477 U.S. 57, 65 ( 1986).   In the Opinion and
11  Order of September 9, 1999, it was also found that plaintiff was not subjected to a hostile work
12  environment at the Center.

13      Additionally, in order to hold an employer liable for sexual harassment under a hostile work
14  environment theory, the employee must demonstrate that the employer knew or should have known of
15  the [harassing] conduct and did not take immediate and appropriate corrective action. Lipsett v. University
16  of Puerto Rico, 864 F.2d 881 (1st Cir. 1988); see Morrison v. Carleton Woolen Mills, Inc., 108 F.3d 429,
17  437 (1st Cir. 1997). The Board had no actual knowledge of the alleged conduct until the April 20th
18  meeting. By that time, a decision had already been made to transfer her to the Gualberto Rabell Health
19  Center. The Board could not take corrective action, because it was not given any reasonable notice of
20  plaintiff's grievances.

21      Furthermore, if an employer has an expressed policy against sexual harassment and has
22  implemented a procedure to resolve such claims, then an employer is shielded from liability if the
23  employee fails to take advantage of that procedure. This is only a defense for the employer when he or
24  she does not have actual knowledge of the sexually hostile environment. Meritor at 62.   In Ms. Acevedo
25  Vargas' case, she could have made a timely sexual harassment complaint to either the Office of Human
26  Resources, the Office of Women's Affairs, or the Commission to "Ventilate" Complaints and Personnel
27  Affairs.("Commission") Nowhere in the record is it indicated that plaintiff reported the alleged sexual
28  harassment to any of the offices that could have assisted her. In fact, when plaintiff did challenge her

1    CIVIL NO. 96-2102(JAG)                    5

2

3

4    transfer on February 24, 1995, before the Commission, she alleged that the transfer was motivated by a

5    disagreement she had with the Health Department for a request for federal funds. It is hard to understand

6    why allegations of sexual harassment would not have been raised at that time. Therefore, because the

7    Board had a policy for addressing plaintiff's claims and she did not avail herself of such a policy nor did

8    the Board have actual knowledge of the alleged harassing environment; the Board can avail itself of the

9    affirmative defense.

                              CONCLUSION

10

11        The record reflects that the Board is not an employer of plaintiff for statutory purposes, and thus

12   there is no federal claim for Title VII liability. Nor can the Board be liable for the alleged conduct of

13   Colon and Rodriguez as their primary employer. The Board never had actual knowledge of the conduct

14   complained of until the transfer for Ms. Acevedo Vargas was in the process of being effectuated. The

15   Board can also raise an affirmative defense to a Title VII violation, because it made available an avenue

16   of redress for plaintiff's sexual harassment claim. Plaintiff can not now seek to blame the Board for her

17   failure to avail herself of assistance. There is clearly no liability on the part of the Board in relation to

18   plaintiff's federal claims. The absence of liability on the federal claims, makes the federal court an

19   inappropriate forum for the determination of pendent state law claims. Under the circumstances, the

20   plaintiff has not stated a claim upon which relief can be granted. I therefore recommend that the Board's

21   motion to dismiss be GRANTED. Pending state law claims should be dismissed without prejudice.

22        Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party

23   who objects to this report and recommendation must file a written objection thereto with

24   the Clerk of this Court within ten (10) days of the party's receipt of this report and

25   recommendation.  The written objections must specifically identify the portion of the

26   recommendation, or report to which objection is made and the basis for such objections.

27   Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474

28   U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d

CIVIL NO. 96-2102(JAG)                6

22, 30-31 (1ˢᵗ Cir. 1992); <u>Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1ˢᵗ Cir. 1988); <u>Borden v. Secretary of Health & Human Servs.</u>, 836 F.2d 4, 6 (1ˢᵗ Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1ˢᵗ Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1ˢᵗ Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1ˢᵗ Cir. 1980).

At San Juan, Puerto Rico, this 29th day of August, 2002.

JUSTO ARENAS
United States Magistrate Judge