UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ MARIA ACEVEDO VARGAS,
et al.,

**Plaintiffs**

V.                                           Civil No. 96-2102 (JAG)

GUMERSINDO COLON, et al.,

**Defendants**

---

## OPINION AND ORDER

GARCIA-GREGORY, D. J.[1]

On September 12, 1996, Luz Maria Acevedo Vargas ("Acevedo"), brought suit, on her behalf and on behalf of her children, under the Civil Rights Act, 42 U.S.C. §§ 1983,[2] 12111-17, and 2000e-2000e-6, as well as supplemental state law claims against defendants Municipality of San Juan ("MSJ");[3] the Dr. Jose S. Belaval Health Center (the "Center"); the Jose S. Belaval Health Center Board of Directors (the "Board"); Gumersindo Colon ("Colon"), Vice-president of the Board; and Cesar Rodriguez

---

[1] Alejandro J. Cepeda-Díaz, a third year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

[2] On September 26, 1997, the Court dismissed Acevedo's § 1983 claims as time-barred (Docket No. 18).

[3] On September 9, 1999, the Court dismissed Acevedo's claims against the MSJ (Docket Nos. 55 & 62).

1

("Rodriguez"), Executive Director of the Center.[4] On December 7, 1999, the Board moved to dismiss Acevedo's claims against it pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 58). On December 16, 1999, Acevedo filed an opposition (Docket No. 60). On January 22, 2002, the Court referred all motions to Magistrate-Judge Justo Arenas for a Report and Recommendation (Docket No. 80). On August 30, 2002, Magistrate-Judge Arenas issued a Report and Recommendation (Docket No. 92). Magistrate-Judge Arenas found that the Board did not know of the sexually harassing conduct, nor of the existence of a hostile work environment, and recommended that the Court dismiss Acevedo's claims against it. On September 26, 2002, Acevedo timely filed objections to the Report and Recommendation (Docket No. 96). For the reasons discussed below, the Court rejects the Report and Recommendation and denies the Board's motion.

**FACTUAL BACKGROUND**[5]

In January of 1992, the MSJ hired Acevedo to serve as a career employee. She was appointed medical director at the Center, located in Barrio Obrero, Santurce. The Board, a community-based organization whose members are elected by the communities served by the Center, except for two who are appointed by the MSJ, is in charge of the Center's administration. Acevedo claims that Colon

---

[4]On March 26, 1998, the Court dismissed Acevedo's claims against Colon and Rodriguez in their personal capacities (Docket No. 19).

[5]The Court culls the relevant facts from Magistrate-Judge Arenas's Report and Recommendation (Docket No. 96).

2

and Rodriguez sexually harassed her during her employment. She alleges that Rodriguez frequently asked her to go out with him for drinks, that he repeatedly made sexually offensive and demeaning comments to her, and that he repeatedly asked her to redo tasks that she properly completed as a result of her rejection of his advances. Furthermore, Acevedo alleges that Colon made inappropriate comments towards her and sexually fondled her against her will on one occasion. Acevedo asserts that, at all times, she made clear to Colon and Rodriguez that such conduct was unwelcome.

On February 13, 1995, the MSJ informed Acevedo that it had chosen her to replace the medical director at the Dr. Gualberto Rabell Health Center and that it would transfer her there effective March 1, 1995. Acevedo alleges that the transfer was due to her refusal to submit to Colon and Rodriguez's sexual demands.

Acevedo claims that the Board is liable for the sexual harassment because on April 20, 1995, she informed the Board about Colon and Rodriguez's conduct and it took no corrective measures once it had knowledge of the situation.

## DISCUSSION

### A. Standard for Reviewing a Magistrate-Judge's Report and Recommendation

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 503. Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 510.2, the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of

being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). Since Acevedo has filed timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

B. Motion to Dismiss Standard

Pursuant to Fed.R.Civ.P. 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Brown v. Hot, Sexy, and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir. 1991). Plaintiff is responsible for putting his best foot forward in an effort to present a legal theory that will support his claim. Id. at 23 (citing Correa Martinez, 903 F.2d at 52). Plaintiff must set forth "factual allegations, either direct or inferential, regarding each

4

material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

C. <u>Objections to the Magistrate-Judge's Report and Recommendation</u>

Acevedo raises a host of objections to Magistrate-Judge Arenas's Report and Recommendation. Acevedo argues (1) that the statement of facts fails to include basic facts alleged in the complaint pertinent to the disposition of the Board's motion; (2) that the procedural history ignores certain documents from which the Court can infer that the Board controlled the terms and conditions of Acevedo's employment and her work environment, even though she was an employee of the MSJ; (3) that the standard of review fails to incorporate that sexual harassment allegations must be analyzed in light of the record as a whole and the totality of the circumstances and that no credibility assessment may be resolved in favor of the movant; (4) that in his analysis Magistrate-Judge Arenas misunderstood the Court's Opinion and Order granting the MSJ's motion for summary judgment when he stated that the MSJ was Acevedo's employer and that she was not subjected to a hostile work environment; (5) that Magistrate-Judge Arenas erred in concluding that the Board was not Acevedo's employer and, therefore, is not liable; (6) that Magistrate-Judge Arenas erred in concluding that the Board had no knowledge of the harassment when Colon, one of the alleged harassers, was one of its members and had knowledge of Rodriguez's conduct prior to April 20, 1995; and (7) that Magistrate-Judge Arenas erred when he inferred that a policy

against sexual harassment and a procedure to resolve such claims were available at the Center.

Upon review of the record, the Court finds that Magistrate-Judge Arenas erred in his determinations and his Report and Recommendation must be rejected because it refers to facts not in evidence and reaches conclusions that are not supported by the record. Furthermore, Magistrate-Judge Arenas went beyond the scope of what the Court can consider when resolving a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Magistrate-Judge Arenas stated that in its Opinion and Order dismissing Acevedo's claims against the MSJ (Docket No. 55), the Court determined the MSJ to be Acevedo's employer. (See Docket No. 92 at 3). In light of Magistrate-Judge Arenas' own analysis, however, "it is possible for plaintiff to have more than one employer for compensation purposes." (Id.) In its Opinion and Order, the Court found that the MSJ was Acevedo's employer, but it did not rule on whether the Board could also be considered her employer for purposes of Title VII.

Magistrate-Judge Arenas further stated that the Court had found that Acevedo was not subjected to a hostile work environment at the center. (Id. at 4). The Court, however, did not enter into a determination of the existence of a hostile work environment because it found that, even assuming arguendo that one existed, the MSJ did not know about it. (See Docket No. 55 at 17-19).

Moreover, Magistrate-Judge Arenas reached his recommendation that the motion be granted based on the fact that the Board had a

6

policy against sexual discrimination. (<u>Id.</u> at 4). As noted in the objections, however, there is no evidence on the record to support the existence of this policy. Therefore, the Court must reject the Report and Recommendation.

In its motion, the Board claims that it cannot be held liable for Colon's and Rodriguez's conduct because it did not know of it and could not take appropriate action to correct it. The Court, however, cannot make this determination when considering a motion to dismiss under Fed.R.Civ.P 12(b)(6) because the Court would have to decide if Acevedo can prove whether the Board knew or should have known of defendants' conduct. This decision should be made in the context of a summary judgment motion or at trial, where Acevedo would have the opportunity to proffer evidence in support of her claim.

"The issue presently before us ... is not what the plaintiff is required ultimately to *prove* in order to prevail on her claim, but rather what she is required to *plead* in order to be permitted to develop her case for eventual adjudication on the merits." <u>Gorski v. New Hampshire Dept. of Corrections</u>, 290 F.3d 466, 472 (1st Cir. 2002).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Gorski</u>, 290 F.3d at 473. Therefore, what the Court must now determine is

7

whether Acevedo has met the pleading requirements of a cause of action under Title VII.

Pursuant to Fed.R.Civ.P. 8(a),

> all that is required to plead adequately a cause of action under Title VII is '(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.'

Gorski, 290 F.3d at 473. "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Moreover, claims lacking merit may be dealt with through summary judgment under [Fed.R.Civ.P.] 56." Id. at 514.

Applying this standard to her complaint, the Court finds that Acevedo has met the pleading requirements of an action under Title VII against the Board. Acevedo has given proper notification to the Board of her Title VII claims against it and the grounds upon which they rest. Therefore, the Board's motion must be denied. Whether Acevedo can prove her allegations must be decided at a later stage.

## CONCLUSION

For the foregoing reasons, the Court rejects the Magistrate-Judge's Report and Recommendation and denies the Board's motion to dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of November 2002.

_____
JAY A. GARCIA-GREGORY
United States District Judge