IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ ACEVEDO VARGAS, <u>et al.</u>

**Plaintiff,**

CIVIL NO. 96-2102 (JAG)

v.

GUMERSINDO COLON, <u>et al.</u>

**Defendants**

---

**TRIAL SCHEDULING ORDER**

The Court issues this Trial Scheduling Order to lay out and achieve a just, speedy and inexpensive conclusion of this action. The Court expects that counsel will be mindful that, as officers of the Court, they are duty-bound to conduct themselves with utmost civility and professionalism to each other and the Court; and to faithfully adhere to the Federal Rules of Civil Procedure and the Court's Local Rules. Accordingly, the parties will file a Pre-Trial Order by **DECEMBER 19, 2002.** It shall include all of the disclosures required by amended Fed.R.Civ.P. 26(a)(3). The parties shall file a courtesy copy with the Court. This Order is **essential** for fruitful settlement efforts, as well as for trial preparation. Therefore, the Court will grant **no** extensions to this deadline.

1


CT Deputy
Jury Clerk



Furthermore, Pre-Trial and Settlement Conference is hereby set for **JANUARY 23, 2003 at 3:00 PM.** Counsel must meet **at least three (3) days prior** to the date of the Pre-Trial and Settlement Conference to discuss the contents of the Pre-Trial Order and the possibility of settlement. If settlement is not possible, the parties will cover during their meeting the designation and marking of exhibits and depositions, and, if necessary, the proposed voir dire and jury instructions. The Pre-Trial Order may be modified only by the Court, in order to prevent manifest injustice.

The Pre-Trial Order must conform to the requirements set forth in Local Rule 314(3). In addition to the requirements set forth in Local Rule 314(3), the Pretrial Order must contain: (1) a statement detailing the reason and the amount claimed for special damages if any. Any party that disagrees with the proposed statement of special damages must specifically state the basis for its opposition. Any special damages not detailed in the Joint Pretrial Order shall be deemed waived. (2) a certification in which all counsel must attest that they "explored the possibility of settling this case fully." The inclusion of this statement must reflect a true and honest effort

2

to settle the case.

The Court will explore settlement prospects at the Pre-Trial and Settlement Conference, because it believes that extrajudicial resolution of disputes is the most efficient and effective way to end litigation. To that end, **counsel must have their clients available by telephone or in person for immediate consultation during the Pre-Trial and Settlement Conference.**

All motions in limine must be filed **at least five (5) days prior to the Pre-Trial and Settlement Conference.** Any such motions filed after that date will be untimely and will not be considered by the Court.

Finally, Trial in this matter shall be held on **MARCH 3, 2003 at 9:30 AM.** All evidence to be presented at trial shall be marked according to the procedure described in the attached Notice. Failure to comply with this procedure shall result in the imposition of sanctions, including the exclusion of the exhibit or identification at trial. Objected documentary or real evidence will be marked as documents for identification. All exhibits must be officially translated into English before they are marked. This includes any deposition transcripts or parts thereof that will be used at trial whether as evidence or for

impeachment purposes. The Court will strictly enforce this translation requirement and will not admit any exhibit not in English language. In this respect, the parties are forewarned that this process cannot be pro forma. If at trial the presiding judge becomes aware of the fact that the parties did not engage in a meaningful marking of exhibits' process in light of the Federal Rules of Evidence, appropriate sanctions will be taken against counsel. *See* Fed. R. Civ. P. 1 and 20 U.S.C. § 1927.

The parties are also required to file a joint set of proposed voir dire questions and jury instructions. Deadline for filing is set at ten (10) days before trial. A courtesy copy of the joint proposed voir dire and jury instructions should be sent to chambers, accompanied by a diskette containing the complete text of both documents in a format compatible with the Court's own (WordPerfect 8.0).

At least ten (10) days before trial, the parties must meet to discuss the proposed voir dire and jury instructions, in order to reach agreement about as many questions and instructions as possible before the joint filing deadline. The Court encourages parties to agree upon the instructions to be given to the jury, or at least to conciliate differences to the greatest degree possible, in order to minimize the possibility of confusing the

4

jurors. In the event that the parties cannot reach an agreement as to every issue, they should append their own proposals to the joint filing. These individual proposals must be limited to those few issues where there was no agreement.

The parties should submit their proposed voir dire questions to the jury and all suggested standard or general instructions, including preliminary instructions with a short description of the parties, the case and any factual stipulations. They must also submit any specific instructions to be given to the jury.

An alphabetized list of technical words, terms, and unusual names that could be used during the trial should be filed in triplicate at least one week before the start of trial. To the extent possible, all technical words and phrases should be listed in both Spanish and English.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of November, 2002.

_____
JAY A. GARCIA-GREGORY
U.S. District Judge